THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOSHUA JUSTICE** : <br> 18024 Winterset Ln : <br> Lore City, Ohio 43755 : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> : <br> : <br> **CABBS WINGS LLC** : <br> 61333 Southgate Pkwy : <br> Cambridge, OH 43725 : <br> : <br> : <br> : <br> : <br> Defendant. : | CASE NO.  2:21-cv-02806 <br><br> JUDGE <br><br> MAGISTRATE JUDGE <br><br><br> **Jury Demand Endorsed Herein** |

## COMPLAINT

NOW COMES Plaintiff Joshua Justice ("Plaintiff") and proffers this Complaint for damages against Defendant Cabbs Wings LLC ("Defendant").

## THE PARTIES

1. Plaintiff is a natural person residing in Guernsey County, Ohio.

2. Defendant Cabbs Wings LLC is a Domestic Limited Liability Company doing business in the Southern District of Ohio.

3. Plaintiff was an employee of Defendant as defined by Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq* and the Ohio Civil Rights Act, R.C. § 4112 at all relevant times herein.

4. Defendant is an employer as defined by Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq*. and the Ohio Civil Rights Act, R.C. § 4112.

## JURISDICTION AND VENUE

5. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Ohio Laws of Discrimination.  This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, Plaintiff performed his job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

7. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of his Right to Sue letter from the Equal Employment Opportunity Commission, a copy of which is attached hereto as "Exhibit A."

## FACTUAL BACKGROUND

1. Plaintiff was hired by Defendant in February 2015 and worked as a Server. Plaintiff's performance and disciplinary history at Defendant is devoid of any significant issues.

2. Plaintiff is a gay man and has experienced sexual harassment because of his sexual orientation from both the General Manager, Kyle Bartlett, and Assistant Manager, Devin Garverick.

3. Plaintiff repeatedly opposed the sexual harassment to management. Despite Plaintiff's continued efforts to end the harassment and hostile work environment, the company did nothing to rectify the harassment.

4. The following list contains some of the egregious, disgusting, and intolerable acts that Mr. Bartlett and Mr. Garverick committed against Plaintiff:

- While working in the kitchen, Mr. Bartlett overcooked a hamburger. Plaintiff asked if he could eat the burger, rather than throw it away. Mr. Bartlett responded by throwing the hamburger at Plaintiff and saying, "that's not the first time a man has thrown meat at you."

- Mr. Bartlett and Mr. Garverick would throw carrots and other food products at Plaintiff.

- Almost daily, Mr. Bartlett and Mr. Garverick greet Plaintiff by saying, "hello, fag."

- During Plaintiff's time at Buffalo Wild Wings, the managers have called Plaintiff "gay," "queer," "fag," "whore," "piece of shit," "rainbow pussy," and "Jesus H Queer God."

- Mr. Bartlett and Mr. Garverick would chase Plaintiff around the kitchen and the building trying to whip him with towels.

- When Plaintiff came into work with blonde hair, Mr. Bartlett and Mr. Garverick both told him to "tone down the gay." When Plaintiff asked why they said this, Mr. Bartlett and Mr. Garverick said that the owner, Amy Walters, told them to say it.

- Mr. Bartlett has sexually assaulted Plaintiff by hitting him in the genitals.

- Once, when Mr. Bartlett hit Plaintiff in the genitals, Mr. Bartlett recorded the sexual assault and sent the video to Ms. Walters. Ms. Walters responded by saying, "Nice karate moves."

- Mr. Garverick would grab Plaintiff by the throat and say, "You like that, don't you boy."

- Almost every shift, Mr. Garverick would fondle Plaintiff's chest and buttocks. Plaintiff would tell him to stop, but Mr. Garverick would just laugh and say, "no."

- When Plaintiff would answer the phone, Mr. Bartlett would smack Plaintiff's nipples with a spoon to prevent Plaintiff from paying attention on the call.

3

- Mr. Bartlett and Mr. Garverick would draw penises and inappropriate messages on Plaintiff's car.

- On other occasions, Mr. Bartlett would threaten to fire Plaintiff if Plaintiff did not do what Mr. Bartlett demanded.

- Once, when Plaintiff was counting his money, Mr. Bartlett kicked the money out of his hands, injuring Plaintiff's finger. Plaintiff asked to fill out an incident report, but Mr. Bartlett refused and said Plaintiff was not allowed. Because of this incident, Plaintiff's finger was severely bruised.

- Mr. Bartlett texted Plaintiff and said that he missed picking on Plaintiff and yelling "queer."

- Mr. Bartlett put a sign on Plaintiff's car that read, "Proud Sex Offender"

5. On multiple occasions, Plaintiff opposed the unlawful conduct and asked Mr. Bartlett and Mr. Garverick to stop harassing him. But nothing ever changed.

6. Amy Walter's knowledge, compliance, and encouragement of the harassment demonstrated the company's willful and malicious acceptance of such blatant legal violations.

8. Plaintiff was fearful for his mental health and personal safety. The work environment was so intolerable and abusive that Plaintiff experienced emotional trauma and distress that will require ongoing treatment.

9. As a result of the ongoing hostile work environment, Plaintiff was constructively discharged from Defendant.

### COUNT I - TITLE VII
### Gender Discrimination

10. Plaintiff reasserts and reincorporates each and every allegation in the preceding paragraphs as if fully rewritten herein.

11. Defendant engaged in conduct that violates Title VII prohibiting sex discrimination by discriminating against Plaintiff because of his sexual orientation.

12. Plaintiff is a homosexual male and is therefore a member of a protected class.

13. Plaintiff was subjected to an adverse employment action by Defendant when he was constructively discharged.

14. Plaintiff was qualified for his position because he was a new-hire trainer.

15. Similarly-situated, non-protected individuals were not subjected to the same harassment as Plaintiff because they were not harassed because of their sexual orientation.

16. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendant is liable.

17. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### COUNT II - TITLE VII
### Sexual Harassment: Hostile Work Environment

18. Plaintiff reasserts and reincorporates each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

19. Defendant engaged in conduct that violates Title VII prohibiting sex discrimination by sexually harassing and assaulting Plaintiff, by creating and encouraging a hostile work environment for Plaintiff based on sexual orientation, and by refusing to remedy the situation and provide a reasonable and non-hostile work environment.

20. Plaintiff was subjected to continued and unwelcomed sexual harassment by Mr. Bartlett and Mr. Garverick.

21. Plaintiff continually opposed and reported the sexual harassment and hostile work environment to Defendant.

22. The harassment was based on Plaintiff's sexual orientation.

23. The harassment unreasonably interfered with Plaintiff's work performance because he was frightened coming to work because the environment was hostile and abusive.

24. The harassment was sufficiently severe or pervasive enough to create a hostile or offensive working environment because Plaintiff felt unsafe and because Plaintiff was verbally and physically abused because of his sexual orientation.

25. Defendant knew or should have known of the charged sexual harassment and hostile environment because Plaintiff reported it to Defendant on multiple occasions.

26. Defendant failed unreasonably to take prompt and appropriate corrective action because it never condemned nor tried to prevent the hostile environment.

27. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendant is liable.

28. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**COUNT III - Ohio Civil Rights Act**
**Gender Discrimination**

29. Plaintiff reasserts and reincorporates each and every allegation in the preceding paragraphs as if fully rewritten herein.

30. Defendant engaged in conduct that violates R.C. § 4112 prohibiting sex discrimination by discriminating against Plaintiff because of his sexual orientation.

31. Plaintiff is a homosexual male and is therefore a member of a protected class.

32. Plaintiff was subjected to an adverse employment action by Defendant when he was constructively discharged.

33. Plaintiff was qualified for his position because he was a new-hire trainer.

34. Similarly-situated, non-protected individuals were not subjected to the same harassment as Plaintiff because they were not harassed because of their sexual orientation.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendant is liable.

36. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### COUNT IV - Ohio Civil Rights Act
**Sexual Harassment: Hostile Work Environment**

37. Plaintiff reasserts and reincorporates each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

38. Defendant engaged in conduct that violates R.C. § 4112 prohibiting sex discrimination by sexually harassing and assaulting Plaintiff, by creating and encouraging a hostile work environment for Plaintiff based on sexual orientation, and by refusing to remedy the situation and provide a reasonable and non-hostile work environment.

39. Plaintiff was subjected to continued and unwelcomed sexual harassment by Mr. Bartlett and Mr. Garverick.

40. Plaintiff continually reported and opposed the sexual harassment and hostile work environment to Defendant.

41. The harassment was based on Plaintiff's sexual orientation.

42. The harassment unreasonably interfered with Plaintiff's work performance because he was frightened coming to work because the environment was hostile and abusive.

43. The harassment was sufficiently severe or pervasive enough to create a hostile or offensive working environment because Plaintiff felt unsafe and because Plaintiff was verbally and physically abused because of his sexual orientation.

44. Defendant knew or should have known of the charged sexual harassment and hostile environment because Plaintiff reported it to Defendant on multiple occasions.

45. Defendant failed unreasonably to take prompt and appropriate corrective action because it never condemned nor tried to prevent the hostile environment.

46. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendant is liable.

47. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Peter G. Friedmann*_____
Peter G. Friedmann (0089293)
*Pete@tfflegal.com*
Rachel Sabo Friedmann (0089226)
*Rachel@tfflegal.com*
**The Friedmann Firm LLC**
**(614) 610-9757**
1457 South High Street
Columbus, Ohio 43207

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Peter G. Friedmann*_____
Peter G. Friedmann (0089293)